UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COREY BAILEY and KAI STEENHOEK, individually, and on behalf of all others similarly situated, | Court File No. _____ |
| Plaintiffs, | **CLASS ACTION** |
| v. | |
| BORDER FOODS, INC. d/b/a PIZZA HUT, INC., | |
| Defendant. | |

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

Plaintiffs Corey Bailey and Kai Steenhoek ("Plaintiffs"), by and through their attorneys, Nichols Kaster, PLLP, bring this action against Defendant Border Foods, Inc. d/b/a Pizza Hut, Inc. ("Border Foods") for violations of the Fair Labor Standards Act ("FLSA"), the Minnesota Fair Labor Standards Act, and the Minnesota Payment of Wages Act. For their Class Action and Collective Action Complaint, on behalf of themselves and all others similarly situated, and also on behalf of the Minnesota Rule 23 Class, Plaintiffs state and allege as follows:

### PRELIMINARY STATEMENT

1.     This case involves Border Foods' requirement that its delivery drivers pay for their own gas, automobile expenses, and other travel-related expenses when they deliver pizzas.

1

2.     Border Foods' failure to adequately reimburse Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class for expenses incurred on Border Foods' behalf has resulted in Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class being paid less than federal minimum wage, and less than Minnesota minimum wage.

3.     Requiring Plaintiffs to pay for their travel expenses constituted a kick-back to Border Foods such that the hourly wages paid to Plaintiffs were not paid free and clear of all outstanding obligations to the employer. The travel expenses incurred by Plaintiffs in delivering Border Foods' pizzas were incurred primarily for the benefit of Border Foods.

4.     This case also involves Border Foods' retention of the majority of the delivery charge that customers pay for Border Foods' delivery service. This delivery charge constitutes a gratuity under Minnesota law. Accordingly, Plaintiffs and the Minnesota Rule 23 Class were entitled to retain the full amount of the charge. Border Foods unlawfully retained the majority of the delivery charge, thereby depriving Plaintiffs and the Minnesota Rule 23 Class of their rightful property.

5.     Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this Nationwide FLSA Collective action against Border Foods under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. for failure to pay a minimum wage.

6.     Plaintiffs bring this Minnesota Rule 23 Class Action on behalf of themselves and the Minnesota Rule 23 Class against Border Foods pursuant to Rule 23 of

the Federal Rules of Civil Procedure, to remedy violations of Minnesota state law, including, but not limited to, the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 et seq., the Minnesota Payment of Wages Act, Minn. Stat. § 181.001 et seq., and the related regulations.

7.      Border Foods has willfully engaged in a policy, pattern, and practice of engaging in the unlawful conduct alleged in this Complaint, in violation of the federal and state rights of Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class.

## THE PARTIES

8.      Defendant Border Foods, Inc. d/b/a Pizza Hut, Inc. ("Border Foods") is a domestic corporation with its principle place of business in Golden Valley, Minnesota. Border Foods conducts business in numerous locations across the country. Border Foods is Plaintiffs' employer pursuant to the FLSA, 29 U.S.C. § 201 et seq., Minn. Stat. § 177.23, Minn. Stat. § 177.24, and other applicable laws. Border Foods suffers and permits Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class to work on its behalf. At all relevant times, Border Foods' annual gross volume of sales made or business done was or is not less than $500,000.

9.      Plaintiff Corey Bailey is an adult resident of the State of Minnesota. Plaintiff was employed by Border Foods as a pizza delivery driver from approximately December 2006 to May 2007. Pursuant to 29 U.S.C. § 216(b), Mr. Bailey has consented in writing to be a party to the FLSA claims asserted in this action. Mr. Bailey's signed consent form is attached as Exhibit A.

3

10.     Plaintiff Kai Steenhoek is an adult resident of the State of Minnesota. Plaintiff was employed by Border Foods as a pizza delivery driver from approximately November 2004 to August 2008.  Pursuant to 29 U.S.C. § 216(b), Mr. Steenhoek has consented in writing to be a party to the FLSA claims asserted in this action.  Mr. Steenhoek's signed consent form is attached as Exhibit A.

11.     Plaintiffs and the Nationwide FLSA Collective are current and former employees of Border Foods within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

12.     Plaintiffs and the Minnesota Rule 23 Class are current and former employees of Border Foods within the meaning of Minn. State. § 177.23, Minn. Stat. § 177.24, and other applicable laws.

## JURISDICTION AND VENUE

13.     This Court possesses subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331, as this action asserts rights arising under federal law, the FLSA, 29 U.S.C. § 201 et seq.

14.     This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' state and federal claims derive from a common nucleus of operative facts.

15.     Venue is proper in the United States District Court, District of Minnesota, pursuant to 28 U.S.C. § 1391, because Border Foods resides in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

4

16.     Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class worked as pizza delivery drivers for Border Foods.

17.     Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class were paid a set dollar amount for each of their delivery stops, in addition to their regular hourly wages.

18.     The amount Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class were paid per delivery stop was not sufficient to reimburse them for actual expenses incurred in delivering Border Foods' pizzas.

19.     Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class, Plaintiffs were not reimbursed in any way other than the per-stop dollar amount for expenses incurred in the delivery of Border Foods' pizzas.

20.     As a result of the travel expenses incurred, Plaintiffs, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class were deprived of the minimum wage they were guaranteed under federal and state law.

21.     Border Foods charged its Minnesota pizza delivery customers a delivery charge for its pizza delivery service.

22.     Border Foods retained the delivery charge paid by customers.

23.     The earnings statements Border Foods has provided to Plaintiffs and the Minnesota Rule 23 Class fail to reflect deductions for travel expenses.

24.     Plaintiffs and members of the Minnesota Rule 23 class who are no longer employed by Border Foods were not reimbursed for their travel expenses at the termination of their employment.

25.   Border Foods does not maintain records of the actual travel expenses incurred by its pizza delivery drivers.

## NATIONWIDE FLSA COLLECTIVE ALLEGATIONS

26.   Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

27.   Plaintiffs bring Count One on behalf of: "all persons who worked as Border Foods pizza delivery drivers at any time from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Nationwide FLSA Collective").

28.   Plaintiffs and the Nationwide FLSA Collective are victims of Border Foods' widespread, repeated, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 et seq., and that have caused significant damage to Plaintiffs and the Nationwide FLSA Collective.

29.   Border Foods has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq. as described in this Complaint in ways including, but not limited to, failing to pay employees a minimum wage and failing to reimburse employees for travel expenses.

30.   Border Foods' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31.   Border Foods is liable under the FLSA for failing to properly compensate Plaintiffs and the Nationwide FLSA Collective, and, as such, notice should be sent to the Nationwide FLSA Collective.  There are numerous similarly situated current and former employees of Border Foods who have suffered from the common policies and plans of

Border Foods, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Border Foods, and are readily identifiable through the company's records.

## MINNESOTA RULE 23 CLASS ALLEGATIONS

32.     Plaintiffs, on behalf of themselves and all members of the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

33.     Plaintiffs bring the remaining Counts on behalf of themselves and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. The Minnesota Rule 23 Class is defined as: "all persons who have worked as Border Foods pizza delivery drivers in Minnesota from three years prior to the filing of this Complaint to the entry of judgment in the case" (the "Minnesota Rule 23 Class").

34.     The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Border Foods has employed in excess of 100 individuals as pizza delivery drivers in Minnesota during the applicable limitations period. Plaintiffs and the Minnesota Rule 23 Class have been equally affected by Border Foods' violations of law.

35.     There are questions of law and fact common to the Minnesota Rule 23 Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

7

a.   whether Border Foods paid class members the minimum wage;

b.   whether Border Foods made unlawful deductions from class members' pay for travel expenses incurred in the course of employment;

c.   whether Border Foods' earnings statements complied with Minnesota law;

d.   whether Border Foods maintained records that are necessary and appropriate to enforce Minn. Stat. §§ 177.21 to 177.35;

e.   the proper measure of damages sustained by the Minnesota Rule 23 Class; and

f.   whether Border Foods should be enjoined from such violations in the future.

36.   The Plaintiffs' claims are typical of those of the members of the Minnesota Rule 23 Class.  Plaintiffs, like the other members of the Minnesota Rule 23 Class, were subjected to Border Foods' policies and practices of willfully refusing to pay a minimum wage, unlawfully failing to reimburse employees for travel expenses incurred in the course of employment, requiring employees to contribute gratuities to a pool operated for the benefit of other the employer, unlawfully failing to provide accurate earnings statements, and failing to keep appropriate and accurate records.  Plaintiffs and members of the Minnesota Rule 23 Class have sustained similar injuries as a result of Border Foods' actions.

37.   Plaintiffs will fairly and adequately protect the interests of the Minnesota Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

38.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), 23(b)(2), and 23(b)(3).

39.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Border Foods.

40.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Border Foods has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

41.    This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Border Foods' policies and practices. There do not appear to be any difficulties in managing this class action.

42.    Plaintiffs intend to send notice to all members of the Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: FAILURE TO PAY MINIMUM WAGE

9

Fair Labor Standards Act, 29 U.S.C. § 201 et seq.
*On Behalf of Plaintiffs and the Nationwide FLSA Collective*

43.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

44.     This claim arises from Border Foods' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. by failing to pay a minimum wage to Plaintiffs and members of the Nationwide FLSA Collective.

45.     At all relevant times, Border Foods has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201 et seq. At all relevant times, Border Foods has employed and continue to employ employees, including Plaintiffs and each of the members of the Nationwide FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all relevant times, upon information and belief, Border Foods has had an annual gross volume of sales made or business done in excess of $500,000.

46.     The minimum wage provisions of the FLSA, 29 U.S.C. § 201 et seq. apply to Border Foods and protect Plaintiffs and the Nationwide FLSA Collective.

47.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

48.     Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the Nationwide FLSA Collective were entitled to be compensated at the applicable minimum wage rates provided therein.

49.     Border Foods was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 201 et seq.

50.     Border Foods, pursuant to its policies and practices, refused and failed to pay the required minimum wage to Plaintiffs and the Nationwide FLSA Collective.

51.     By failing to compensate Plaintiffs and the Nationwide FLSA Collective, Border Foods violated, and continues to violate, Plaintiffs' statutory rights under the FLSA, 29 U.S.C. § 206.

52.     The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

53.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, seek damages in the amount of their respective unpaid wages, liquidated damages as provided under the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems proper.

54.     Plaintiffs, on behalf of themselves and the Nationwide FLSA Collective, seek recovery of attorney's fees and costs to be paid by Border Foods as provided by the FLSA, 29 U.S.C. § 201 et seq.

**COUNT TWO: FAILURE TO PAY MINIMUM WAGE**
Minn. Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. (Minn. Stat. § 177.24)
*On Behalf of Plaintiffs and the Minnesota Rule 23 Class*

11

55.     Plaintiffs, on behalf of themselves and all members of the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

56.     Plaintiffs and the Minnesota Rule 23 Class were or are employees of Border Foods within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

57.     Border Foods was or is the employer of Plaintiffs and the Minnesota Rule 23 Class within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

58.     Border Foods constitutes a "large employer" within the meaning of Minn. Stat. § 177.24, subd. 1(a)(1).

59.     Pursuant to Minn. Stat. § 177.24, Plaintiffs were entitled to be paid no less than $6.15 per hour for each hour they worked for Border Foods.

60.     Border Foods failed to pay Plaintiffs the statutory minimum wage for all hours worked as required by Minn. Stat. § 177.24, subd. 1(b).

61.     As a direct result of Border Foods' unlawful conduct, Plaintiffs and the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

62.     Border Foods' actions in violating the above-named statute were willful and not the result of mistake or inadvertence.

**COUNT THREE: UNLAWFUL DEDUCTIONS**
Minn. Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. (Minn. Stat. § 177.24)
*On Behalf of Plaintiffs and the Minnesota Rule 23 Class*

63.     Plaintiffs, on behalf of themselves and all members of the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

64.     Plaintiffs and the Minnesota Rule 23 Class were or are employees of Border Foods within the meaning of Minn. Stat. § 177.23, Minn. Stat. § 177.24, and Minn. Stat. § 181.79.

65.     Border Foods was or is the employer of Plaintiffs and the Minnesota Rule 23 Class within the meaning of Minn. Stat. § 177.23, Minn. Stat. § 177.24, and Minn. Stat. § 181.79.

66.     Minn. Stat. § 177.24 states:

> Subd. 4. Unreimbursed expenses deducted. Deductions, direct or indirect, for up to the full cost of the uniform or equipment as listed below, may not exceed $50. No deductions, direct or indirect, may be made for the items listed below which when subtracted from wages would reduce the wages below the minimum wage:
> (a) purchased or rented uniforms or specially designed clothing required by the employer, by the nature of the employment, or by statute as a condition of employment, which is not generally appropriate for use except in that employment;
> (b) purchased or rented equipment used in employment, except tools of a trade, a motor vehicle, or any other equipment which may be used outside the employment;
> (c) consumable supplies required in the course of that employment;
> (d) travel expenses in the course of employment except those incurred in traveling to and from the employee's residence and place of employment.
> Subd. 5. Expense reimbursement. An employer, at the termination of an employee's employment, must reimburse the full amount deducted, directly or indirectly, for any of

the items listed in subdivision 4. When reimbursement is
made, the employer may require the employee to surrender
any existing items for which the employer provided
reimbursement.

67.     By requiring Plaintiffs to pay for their own travel expenses, Border Foods
unlawfully made a direct or indirect deduction from Plaintiffs' wages.

68.     By requiring Plaintiffs pay for their own travel expenses, Border Foods
unlawfully reduced Plaintiffs' wages below the minimum wage.

69.     Plaintiffs and the Minnesota Rule 23 Class were each subject to a deduction
for travel expenses which exceeded $50.

70.     Plaintiffs and the Minnesota Rule 23 Class were not reimbursed for travel
expense deductions at the termination of their employment.

71.     Border Foods' actions in violating the above-named statute were willful
and not the result of mistake or inadvertence.

72.     As a direct result of Border Foods' unlawful conduct, Plaintiffs and the
Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

**COUNT FOUR: UNLAWFUL RETENTION OF GRATUITIES**
Minn. Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. (Minn. Stat. § 177.24)
*On Behalf of Plaintiffs and the Minnesota Rule 23 Class*

73.     Plaintiffs, on behalf of themselves and all members of the proposed
Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as
if fully set forth herein.

74.     Plaintiffs and the Minnesota Rule 23 Class were or are Border Foods'
employees within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

75.     Border Foods is or was the employer of Plaintiffs and the Minnesota Rule 23 Class within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

76.     Plaintiffs and the Minnesota Rule 23 Class received gratuities from customers for personal services rendered within the meaning of Minn. Stat. § 177.24.

77.     Border Foods unlawfully required Plaintiffs and the Minnesota Rule 23 Class to contribute or share a gratuity received by them as employees with Border Foods as their employer.

78.     Border Foods unlawfully required Plaintiffs and the Minnesota Rule 23 Class to contribute any or all of a gratuity received by them as employees to a fund or pool operated for the benefit of the employer or other employees.

79.     Border Foods' conduct in violation of Minn. Stat §177.24 was willful and not the result of mistake or negligence.

80.     Pursuant to Minn. Stat. § 177.24:

> ...any gratuity received by an employee or deposited in or about a place of business for personal services rendered by an employee is the sole property of the employee.   No employer may require an employee to contribute or share a gratuity received by the employee with the employer or other employees or to contribute any or all of the gratuity to a fund or pool operated for the benefit of the employer or employees.

81.     By failing to treat Plaintiffs' and the Minnesota Rule 23 Class' gratuities as property of the employees, Border Foods violated Minn. Stat. § 177.24.

82.     By requiring Plaintiffs and the Minnesota Rule 23 Class to contribute and share gratuities received by them with the employer or other employees, Border Foods violated Minn. Stat § 177.24.

83.     As a direct result of Border Foods' conduct, Plaintiffs and the Minnesota Rule 23 Class were unjustly deprived of their rightful property.

84.     As a direct result of Border Foods' unlawful conduct, Plaintiffs and members of the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## COUNT FIVE: FAILURE TO MAINTAIN NECESSARY RECORDS
Minn. Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. (Minn. Stat. § 177.30)
*On Behalf of Plaintiffs and the Minnesota Rule 23 Class*

85.     Plaintiffs, on behalf of themselves and all members of the proposed Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

86.     Plaintiffs and the Minnesota Rule 23 Class were or are employees of Border Foods within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24

87.     Border Foods is or was the employer of Plaintiffs and the Minnesota Rule 23 Class within the meaning of Minn. Stat. § 177.23 and Minn. Stat. § 177.24.

88.     Pursuant to Minn. Stat. § 177.30 employers are required to make and keep records as delineated therein, including but not limited to:

> (1) the name, address, and occupation of each employee;
> (2) the rate of pay, and the amount paid each pay period to each employee;
> (3) the hours worked each day and each workweek by the employee;

16

(4) for each employer subject to sections 177.41 to 177.44,
and while performing work on public works projects
funded in whole or in part with state funds, the prevailing
wage master job classification of each employee
working on the project for each hour worked; and
(5) other information the commissioner finds necessary and
appropriate to enforce sections 177.21 to 177.35.

89.     Border Foods unlawfully failed to maintain records as required by Minn.

Stat. § 177.30.

90.     Border Foods' actions in violating the above-named statute were willful

and not the result of mistake or inadvertence.

91.     As a direct result of Border Foods' unlawful conduct, Plaintiffs and the

Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

**COUNT SIX: FAILURE TO PROVIDE REQUIRED EARNINGS STATEMENTS**
Minn. Payment of Wages Act, Minn. Stat. § 181.001 et seq. (Minn. Stat. § 181.032 )
*On Behalf of Plaintiffs and the Minnesota Rule 23 Class*

92.     Plaintiffs, on behalf of themselves and all members of the proposed

Minnesota Rule 23 Class, re-allege and incorporate by reference the above paragraphs as

if fully set forth herein.

93.     Plaintiffs and the Minnesota Rule 23 Class were or are employees of

Border Foods within the meaning of Minn. Stat. § 181.171, subd. 4.

94.     Border Foods is or was the employer of Plaintiffs and the Minnesota Rule

23 Class within the meaning of Minn. Stat. § 181.171, subd. 4.

95.     Pursuant to Minn. Stat. § 181.032 employers are required to provide

employees with an earnings statement which includes, but is not limited to:

(a) the name of the employee;

(b) the hourly rate of pay (if applicable);

(c) the total number of hours worked by the employee unless exempt from chapter 177;

(d) the total amount of gross pay earned by the employee during that period;

(e) a list of deductions made from the employee's pay;

(f) the net amount of pay after all deductions are made;

(g) the date on which the pay period ends; and

(h) the legal name of the employer and the operating name of the employer if different from the legal name.

96.    Border Foods unlawfully failed to provide the earnings statement as required by Minn. Stat. § 181.032.

97.    Border Foods' actions in violating the above-named statute were willful and not the result of mistake or inadvertence.

98.    As a direct result of Border Foods' unlawful conduct, Plaintiffs and the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the Nationwide FLSA Collective, and the Minnesota Rule 23 Class, pray for judgment against Border Foods as follows:

a. issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all drivers who are currently employed or who were employed by Border Foods during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. judgment against Border Foods for an amount equal to Plaintiffs' unpaid back wages;

c. judgment against Border Foods that its violations of the FLSA were willful;

18

d.  an equal amount to the unpaid wage damages as liquidated damages;

e.  to the extent liquidated damages are not awarded, an award of prejudgment interest;

f.  all costs and attorneys' fees incurred in prosecuting these claims;

g.  leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h.  leave to amend to add claims under applicable state laws;

i.  for class certification of the Minnesota Rule 23 Class and for designation of Plaintiffs as class representatives and their counsel as class counsel;

j.  for judgment that the conduct of Border Foods as described herein be determined and adjudicated to be in violation of the Fair Labor Standards Act, the Minnesota Fair Labor Standards Act, and the Minnesota Payment of Wages Act;

k.  for injunctive relief requiring Border Foods to appropriately reimburse employees in the future and forbidding Border Foods from retaining Plaintiffs' gratuities;

l.  for damages, liquidated damages, all available civil penalties, prejudgment interest;

m.  that Plaintiffs and members of the Minnesota Rule 23 Class be awarded all attorney's fees, and all costs, disbursements, and witness fees incurred in the prosecution of this action;

n.  for all such other legal and equitable relief available pursuant to applicable law; and

o.  for all such further relief as the Court deems equitable and just.

Dated: 5/26/09

**NICHOLS KASTER, PLLP**

_____

Paul J. Lukas (#22084X)
E. Michelle Drake (#0387366)
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Fax (612) 338-4878

**ATTORNEYS FOR PLAINTIFFS**