UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Corey Bailey and Kai Steenhoek,
individually and on behalf of all
others similarly situated,

    Plaintiffs,

Civ. No. 09-1230 (RHK/AJB)
**MEMORANDUM OPINION
AND ORDER**

v.

Border Foods, Inc., and Sky
Ventures, LLC,

    Defendants.
_____

E. Michelle Drake, Paul J. Lukas, Nichols Kaster, PLLP, Minneapolis, Minnesota, for Plaintiffs.

Laura A. Pfeiffer, Joseph M. Windler, William A. McNab, Winthrop & Weinstine, PA, Minneapolis, Minnesota, for Defendants.
_____

## INTRODUCTION

Plaintiffs Corey Bailey and Kai Steenhoek (hereinafter referred to jointly as "Plaintiffs") have sued Border Foods, Inc. and Sky Ventures, LLC (hereinafter referred to jointly as "Border Foods") on behalf of themselves and all others similarly situated. Plaintiffs allege that Border Foods violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq.* (the "MFLSA"), when it failed to pay minimum wages, made unlawful wage deductions, and wrongfully retained employee gratuities. Border Foods now moves

to dismiss Plaintiffs' Second Amended Complaint ("SAC") in its entirety. For the reasons set forth below, the Court will grant the Motion.[1]

## BACKGROUND

Border Foods owns and operates pizza-delivery restaurants (Pizza Hut) in several states, including Minnesota. (SAC ¶¶ 8-9.) Plaintiffs are Minnesota residents who have been employed by Border Foods as pizza-delivery drivers at various times over the last three years. (Id. ¶¶ 10-11.) As drivers, they received regular hourly wages, but were required to "pay for their own gas, automobile expenses, and other travel-related expenses." (Id. ¶¶ 1, 18.) Because of the additional travel costs, Plaintiffs received a set dollar amount for each of their deliveries as a reimbursement. (Id. ¶¶ 18-19.) Plaintiffs now contend that the reimbursements received were "insufficient to reimburse them for actual expenses incurred in delivering . . . pizzas," thereby causing their wages to fall below the minimum wage. (Id. ¶¶ 19, 21.)

Plaintiffs filed this putative collective/class action on May 26, 2009, alleging that Border Foods: (a) failed to pay its drivers minimum wages in violation of the FLSA and the MFLSA (Counts 1 & 2); (b) made unlawful deductions from driver wages in violation of the MFLSA (Count 3); and (c) unlawfully retained driver gratuities in violation of the MFLSA (Count 4). Border Foods now moves to dismiss all claims.

---

[1] The instant Motion was taken under advisement without oral argument based in part upon Plaintiffs' request that "the Court decide this motion on the papers alone." (Mem. in Opp'n at 2.)

**STANDARD OF REVIEW**

The recent Supreme Court case of Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009), sets forth the standard to be applied when evaluating a motion to dismiss under Rule 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

**ANALYSIS**

**I.     FLSA claim**

Border Foods contends that Plaintiffs' FLSA claim must be dismissed for the failure to adequately plead that Plaintiffs' wages did in fact fall below the required minimum wage. (Mem. in Supp. at 16-17.) The Court agrees, and accordingly, it need not address Border Food's other arguments in favor of dismissal.[2]

---

[2] A similar lawsuit in this District has recently survived a Motion to Dismiss. Luiken v. Domino's Pizza, LLC, Civ. No. 09-516, 2009 WL 2392721 (D. Minn. Aug. 3, 2009) (Frank, J.).

The FLSA requires that employers pay a minimum wage per hour to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). Thus, to establish a violation of the minimum-wage requirements of the FLSA, a plaintiff "must demonstrate that he was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." Hensley v. MacMillan Bloedel Containers, Inc., 786 F.2d 353, 355 (8th Cir. 1986). To establish a viable FLSA claim for unpaid minimum wages, the complaint "should indicate the applicable rate of pay and the amount of unpaid minimum . . . wages due." Zhong v. August August Corp., 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007).[3]

In this case, Plaintiffs have failed to identify their hourly pay rates, the amount of their per-delivery reimbursements, the amounts generally expended in delivering pizzas, or any facts that would permit the Court to infer that Plaintiffs actually received less than minimum wage. Instead, the SAC simply provides the conclusory statement that "[a]s a result of the travel expenses incurred, Plaintiffs . . . were systematically deprived of the minimum wage." (SAC ¶ 21.) This statement is insufficient to state a claim for relief. See Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (explaining that a plaintiff "must include sufficient factual information to provide the 'grounds' on

---

However, the argument that the plaintiffs did not adequately plead the failure to pay minimum wages was not before the Luiken Court.

[3] Plaintiffs claim that Border Foods holds "much of the data necessary for Plaintiffs to specifically calculate their damages." (Mem. in Opp'n at 15.) However, the Court finds this argument to be unpersuasive because only the Plaintiffs would know the expenses they incurred as a result of delivering pizzas.

which the claim rests, and to raise a right to relief above a speculative level"). Moreover, Plaintiffs state in their Consent Forms that they "do not <u>believe</u> that the additional amount [they] received was <u>always enough</u> to cover the expenses [they] incurred in delivering pizzas." (First Am. Compl. Ex. A (emphasis added).) Thus, the language of the Consent Forms demonstrates that Plaintiffs are speculating as to whether their wages actually fell below the minimum wage.

Plaintiffs are required to plead facts that would, if proved, establish a violation of the minimum-wage provisions of the FLSA. Plaintiffs have not done that here; accordingly, they have failed to state a claim upon which relief can be granted. <u>See</u> <u>Villegas v. J.P. Morgan Chase & Co.</u>, No. C 09-00261, 2009 WL 605833, at *5 (N.D. Cal. Mar. 9, 2009) (holding that plaintiff did not allege facts to support a violation of the FLSA when complaint only provided conclusory allegations regarding unpaid overtime); <u>Jones v. Casey's Gen. Stores</u>, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (dismissing FLSA claim when complaint failed to plead facts supporting the inference of a failure to pay appropriate minimum wages); <u>Acosta v. Yale Club of N.Y. City</u>, 94 CIV. 0888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) (holding that when plaintiffs were waiters working varying hours, plaintiffs must plead "which waiters were denied proper overtime pay for each week they worked over forty hours" to state a claim for overtime).[4]

---

[4] Plaintiffs rely upon <u>Nichols v. Mahoney</u>, 608 F. Supp. 2d 526 (S.D.N.Y. 2009), to support the sufficiency of their pleading. (Mem. in Opp'n at 15.) However, <u>Nichols</u> is distinguishable because the plaintiffs there "specified . . . the approximate number of overtime hours they each

Having determined that Plaintiffs' FLSA claim will be dismissed, the Court must determine whether the dismissal should be with or without prejudice. Plaintiffs have not requested leave to replead their FLSA claim. See D. Minn. L.R. 15.1 (requiring amendment by motion). Plaintiffs were given fair notice of the deficiencies in their pleading by Border Foods' memoranda filed in support of the instant Motion. In addition, Plaintiffs have had two prior opportunities to replead their FLSA claim, one of which took place after the filing of the present Motion to Dismiss. Accordingly, because the Plaintiffs were on notice of their pleading deficiencies, had prior opportunities to address those deficiencies, and have failed to request leave to replead, the FLSA claim will be dismissed with prejudice.

**II.     The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims**

Having concluded that the Motion to Dismiss must be granted with prejudice vis-à-vis the FLSA claim, the Court's original jurisdiction has been extinguished. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may, *sua sponte*, decline to exercise supplemental jurisdiction over a pendent state-law claim if it has dismissed all claims over which it has original jurisdiction. Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). When all federal claims are eliminated before trial, the balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over a pendent

---

worked per week without receiving overtime pay." Id. at 547. Here, Plaintiffs do not allege any facts indicating that any Plaintiff actually received less than minimum wage. Indeed, Plaintiffs' Consent Forms demonstrate that Plaintiffs are only speculating as to whether their expenses actually exceeded their reimbursements. Accordingly, Plaintiffs do not plead facts sufficient to support their FLSA claim.

state-law claim typically militates against exercising jurisdiction.  Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  Based on Section 1367(c)(3) and Johnson, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 4) is **GRANTED**.  Plaintiffs' federal claims (SEC ¶¶ 49-60) are **DISMISSED WITH PREJUDICE** and Plaintiffs' state-law claims (id. ¶¶ 61-90) are **DISMISSED WITHOUT PREJUDICE**.[5]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 6, 2009                                                          s/Richard H. Kyle
                                                                                                RICHARD H. KYLE
                                                                                                United States District Judge

---

[5] See 28 U.S.C. § 1367(d).